[Civ. No. 23827. First Dist., Div. One. Apr. 17, 1968.]

CORA EDITH SOUZA, Plaintiff and Appellant, v. ROBERT HARRY HEIBERG et al., Defendants and Respondents.

Holmdahl & Fletcher, C. Malcolm Ebright, Jr., and C. E. Fletcher for Plaintiff and Appellant.

Robert J. Smith and DiMaria, Moses & Smith for Defendants and Respondents.

ELKINGTON, J.—Plaintiff Mrs. Cora Edith Souza appeals from an adverse judgment entered upon a jury verdict in a negligence action for personal injuries.

The court instructed the jury on the law of contributory negligence. Plaintiff assigns this as error, contending she was free from contributory negligence as a matter of law. Accordingly, our task on this appeal is to determine if there is any substantial evidence, contradicted or uncontradicted, from which a reasonable mind might draw an inference of negligence on plaintiff's part. (See 3 Witkin, Cal. Procedure (1954) Appeal, pp. 2245-2252.) If there is such evidence the instructions were proper. (*Greeneich* v. *Southern Pac. Co.,* 189 Cal.App.2d 100, 119 [11 Cal.Rptr. 235].)

We find the following in the record. On the day of the accident defendant Mrs. Elizabeth Heiberg decided to pick up her husband in the family car after his work. She lost her way and wound up in a driveway at the rear of property belonging to plaintiff. She tried to back up to drive out but the car would not go into reverse. It made a terrific popping noise and the gear kept slipping. It sounded like the rear end would drop out. At this point plaintiff appeared with her son and opened the right front passenger door. She said, "What are you doing here. This is private property." Defendant explained that her reverse gear was stuck. Plaintiff had her hand on the open door and *told defendant to back into one of the garages and get out.* Defendant put the car in gear. Plaintiff says she "kind of hung onto the car *because it rolled back a little bit."* The car went back a few inches. Both plaintiff and her son shouted for defendant to stop the automobile. An interval described by the son as "a few minutes" elapsed.

During this time the car's engine was running and plaintiff continued to stand within the sweep of the open door. Then defendant tried to back up again. The car moved back a couple of feet this time. As it did so the open car door struck plaintiff and knocked her to the ground, allegedly causing injuries.

Plaintiff relies heavily on *Pierce* v. *Black,* 131 Cal.App.2d 521 [280 P.2d 913], in her contention that as a matter of law she was not contributorily negligent. In that case the front passenger door of defendant Black's car was open. He offered plaintiff Pierce a ride. While Pierce was "framed in the doorway" preparing to enter, Black, without realizing his gear was in reverse, "hit the starter." The car lurched backward and Pierce was struck by the open door. "In this setting, defendant argues that plaintiff must have seen him turn the key and begin to start the car and that since plaintiff was in the process of entering the car, he should have either asked defendant to wait until he could get in, or else have moved away from the door, and that the failure to take either course of action constituted contributory negligence. Even if it be assumed that plaintiff saw defendant turn the key, there is nothing to suggest that he knew the car was in reverse or that defendant would step on the starter before he was in the car and while the door was still open.[1] . . . There was here no reasonable basis for plaintiff to even suspect that defendant would start his car before plaintiff could get in and while it was in reverse. Hence there is no basis for an inference that plaintiff was contributively negligent under defendant's testimony." (P. 528.)

The facts of the case before us are quite different from those of *Pierce* v. *Black*. Here the jury could have believed from the evidence that plaintiff, after directing defendant "to back into one of the garages and get out" nevertheless stood within the sweep of the car's open door for "a few minutes" watching defendant as she endeavored to follow the instructions. Plaintiff, unlike Pierce, had reason to believe that the car would lurch backward. It had just a short time before done so.

The evidence of plaintiff's contributory negligence was substantial and the trial judge properly instructed on that

---

[1]The appellate court also commented upon the relation of Vehicle Code, section 543 (now Veh. Code, § 22106) to the acts of the parties. That section is inapplicable here where the accident did not occur on a public highway.

subject.  "'[A] party has a *right* to instructions on his theory of the case, if it is reasonable and finds support in the pleadings and evidence or any inference which may be properly drawn from the evidence. . . .' " (*Greeneich* v. *Southern Pac. Co.*, *supra*, 189 Cal.App.2d 100, 119.)

Plaintiff also urges that defendant was negligent as a matter of law. However, we find resolution of this contention unnecessary to a determination of the cause on this appeal since the general verdict for defendant could properly have been based on plaintiff's contributory negligence. (*Hope* v. *Arrowhead & Puritas Waters, Inc.*, 174 Cal.App.2d 222, 227 [344 P.2d 428].)

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.